PARKWAY MEDICAL CENTER; Palm Beach Gardens Community Hospital; Clearwater Community Hospital; and Amisub of Florida; Plaintiffs,

v.

Margaret M. HECKLER, Secretary of the Dept. of Health & Human Services; and Carolyne K. Davis, Administrator, Health Care Financing Administration, Defendants.

BAPTIST HOSPITAL OF MIAMI; Abbey Hospital and Medical Center; Bascom Palmer Eye Institute; Bethesda Memorial Hospital; Boca Raton Community Hospital; Broward General Medical Center; Cedars Medical Center; Doctors General Hospital; Doctors Hospital of Lake Worth; Florida Keys Memorial Hospital; Florida Medical Center; Highlands General Hospital; Holy Cross Hospital, Inc.; Imperial Point Medical Center; Jackson Memorial Hospital; James Archer Smith Hospital; Larkin General Hospital; Los Olas General Hospital; Martin Memorial Hospital; Mercy Hospital, Inc.; North Broward Hospital; Palm Beach-Martin County Medical Center; Pembroke Pines General Hospital; Walker Memorial Hospital, Plaintiffs,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.

Nos. 83–1700–Civ., 83–1005–Civ.

United States District Court, S.D. Florida.

Sept. 24, 1984.

Patricia D. Kenny, Asst. U.S. Atty., Miami, Fla., for plaintiffs.

Joseph Matthews, Gerald B. Wald, Murai, Wald, Biondo & Matthews, P.A., Miami, Fla., for defendants.

MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' MOTIONS FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS' CROSS–MOTIONS FOR SUMMARY JUDGMENT

ARONOVITZ, District Judge.

Plaintiffs are Part A providers of services under the Medicare program, 42 U.S.C.

§ 1395x(u). They seek declaratory and injunctive relief holding Administrative Regulation 42 C.F.R. § 405.452(b)(1)(ii) invalid. This regulation alters the computation formula which had been in effect since the inception of the Medicare Program in 1966 and under which provider hospitals were reimbursed for the costs of malpractice insurance.

Plaintiffs' and defendants' cross-motions for summary judgment are before the Court and defendants' motion to strike certain affidavits filed by plaintiffs as an attachment to the Complaint. The parties hereto agree that there is no material issue of fact in dispute and that these actions are ripe for summary judgment.

This Court has carefully reviewed the entire record herein, all memoranda of law, has heard oral argument by respective counsel, and being otherwise fully advised in the premises and for the reasons hereinafter stated, plaintiff's motions for summary judgment are GRANTED, each respectively, defendants' motions for summary judgment are DENIED, each respectively, and the matter is REMANDED to the Secretary for further consideration in accord with this Opinion. The Court further GRANTS defendants' motion to strike affidavits and has not considered such affidavits within the scope of the ruling herein made.

## BACKGROUND

At the outset of the Medicare program, the Secretary developed a formula based on utilization principles to determine Medicare's share of hospitals' overhead costs. 42 C.F.R. § 405, Subpart D (1966). This method of calculating reimbursement was also used by private insurance carriers which used "cost-based" reimbursement (e.g., Blue Cross carriers). Under this method, all overhead expenses incurred by a hospital over the course of the year, including all types of standard insurance carried by that hospital, were lumped together in what was commonly referred to as the pool of "general and administrative costs" (hereinafter referred to as the "G &

A" costs). The hospital then allocated these G & A costs to all of the revenue producing cost centers of the hospital (e.g., the operating room or the emergency room). Then, Medicare's portion of the total costs was determined on the basis of the utilization by Medicare reimbursed total G & A costs in the same proportion as the number of Medicare patient days bore to the hospital's total patient days. For example, if Medicare patients constituted 80 percent of the patient days at hospital A, and non-Medicare patients constituted the remaining 20 percent, then Medicare would reimburse hospital A for 80 percent of its total G & A costs.

In or about 1979, the Secretary took the position that because the dollar amount of the risk of claims payable to Medicare patients was less than that for non-Medicare patients, the share of a hospital's total malpractice insurance premium properly allocable to the Medicare program was significantly less than the amount calculated under the utilization method; i.e., less than the amount calculated simply using the percentage of a hospital's patient days attributable to Medicare patients. 44 *Fed.Reg.* at 15745.

The new regulation, 42 C.F.R. § 405.-452(b)(1)(ii), was published at 44 *Fed.Reg.* 31641 and became effective on July 1, 1979. After that date, hospitals were required to report their actual loss experience from medical malpractice over a five-year period. Medicare would reimburse the hospital that portion of its malpractice insurance premium that was proportionate to its actual loss experience. Under the former system, Medicare had reimbursed the hospital based upon the average utilization of the hospital services by Medicare beneficiaries.

The Secretary submits that her decision to change the system is fully supported by the Medicare Act which permits the Secretary to use averaging methods for estimating the costs to be paid and which permits her to use different methods in different circumstances. 42 U.S.C. § 1395x(v)(1)(A).

With the exception of Mercy Hospital and Abbey Hospital & Medical Center,

plaintiffs explicitly sought administrative review before the Provider Reimbursement Review Board (hereinafter referred to as "PRRB") pursuant to 42 U.S.C. § 1395oo(a). The PRRB decided that it lacked authority to determine whether the Medicare regulation governing reimbursement for malpractice insurance 405.-452(b)(1)(ii) is invalid, further found that the case falls within 42 U.S.C. § 1395oo(f)(1), and granted the providers' requests for an expedited judicial review of the malpractice insurance issue (except Mercy Hospital and Abbey Hospital & Medical Center which were not so certified and which are the subject of treatment in a separate ruling on a motion to dismiss issued under even date herewith, wherein the motion to dismiss is denied). This case is before the Court pursuant to 42 U.S.C. § 1395oo. Because of the denial of the motion to dismiss, this ruling applies to all plaintiffs in both consolidated actions.

Plaintiffs attack the subject Medicare regulation both procedurally and substantively. In terms of the procedural grounds, plaintiffs assert:

A. That the Agency failed to comply with the Administrative Procedure Act (hereinafter referred to as "APA") 5 U.S.C. § 553, in that it failed to issue sufficient notice of the rulemaking; and,

B. That the Agency failed to provide an adequate basis and purpose statement with the malpractice regulation (5 U.S.C. § 553).

The substantive attack upon the subject regulation charges that:

A. It violates (APA) 5 U.S.C. § 706(2)(a) which requires a reviewing court to hold unlawful and set aside agency action found to be arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; and,

B. The subject regulation is violative of the Medicare statute because this cost regulation is not rational, it is arbitrary, that it does not further the purposes of the Medicare statute, and fails to allocate costs as required by that law.

■ This Court is aware that the standard of review of an agency decision is a narrow one. *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136. However, this does not preclude judicial review and the courts are not required to stand aside and rubber stamp their affirmance of administrative decisions that are deemed inconsistent with a statutory mandate or that frustrate congressional policy underlying a statute. *National Labor Relations Board v. Brown,* 380 U.S. 278, 85 S.Ct. 980. *See* also, *Motor Vehicles Manufacturers Ass'n. of the United States v. State Farm Mutual Automobile Insurance Co.,* 463 U.S. 29, 103 S.Ct. 2856, 77 L.Ed.2d 443.

Therefore, this Court has proceeded to consider the contentions asserted by plaintiffs in these cases, and the Court has jurisdiction to entertain same.

*Status*

At least eleven United States District Courts have held the subject regulation to be invalid. *See DeSoto General Hospital v. Heckler,* 617 F.Supp. 110 (M.D.La.1984); and, *Metropolitan Hospital, Inc. v. Heckler,* Civil Action No. C–83–502–A (N.D.Ga. June 25, 1984); *Mt. Carmel Mercy Hospital v. Heckler,* 581 F.Supp. 1311 (E.D.Mich. 1983) (DeMascio, J.) *appeal docketed* no. 84–1188 (Mar. 21, 1984); *Abington Memorial Hospital v. Heckler,* 576 F.Supp. 1081 (E.D.1983) (Fullman, J.), *appeal docketed* No. 84–1079 (Feb. 15, 3rd Cir.1984); *Chelsea Community Hospital v. Heckler,* No. 83CV–6126–AA, slip op. (E.D.Mich. Dec. 29, 1983) (Joiner, J.) (adopting opinion of DeMascio, J. in *Mt. Carmel Mercy Hospital v. Heckler*), *appeal docketed* No. 84–1146 (6th Cir. Mar. 6, 1984); *St. James Hospital v. Heckler,* 579 F.Supp. 757 (N.D.Ill.1984) (Will, J.) *appeal docketed* No. 84–1478 (7th Cir. March 27, 1984); *Lloyd Noland Hospital and Clinic v. Heckler,* 619 F.Supp. 1 (N.D.Ala.1984) (Propst, J.); *Bedford County Memorial Hospital v. Heckler,* 583 F.Supp. 367 (W.D.Va.1984) (Turk, J.); *Albany General Hospital v. Heckler,* 584 F.Supp. 614 (D.

Oregon 1984) (Frye, J.) *appeal docketed,* no. 84–3865 (9th Cir. June 6, 1984); *Humana of Illinois, Inc. v. Heckler,* 584 F.Supp. 618 (C.D.Ill.1984) (Alderman, J.) (adopting opinion of Will, J. in *St. James Hospital v. Heckler* ) *appeal docketed* no. 84–1727 (7th Cir. April 30, 1984); *St. Joseph's Hospital, Tucson v. Heckler,* no. 82–781, slip op. (D.Ariz. April 24, 1984) (Marquez, J.); *Alexandria Hospital v. Heckler,* 586 F.Supp. 581 (E.D.Va.1984) (Merhige, J.).

At least four District Courts have held that the malpractice rule is valid. *See Athens Community Hospital v. Heckler,* 565 F.Supp. 695 (E.D.Tenn.1983), *appeal docketed,* No. 83–5546 (6th Cir. Aug. 5, 1983); *Cumberland Medical Center v. Heckler,* 578 F.Supp. 39 (M.D.Tenn.1983) (Morton, J.) (adopting opinion in *Athens Community Hospital v. Heckler* ) *appeal docketed,* No. 83–5549 (6th Cir. Aug. 9, 1983); *Humana of Aurora, Inc. v. Heckler,* No. 83–2–70, slip. op. (D.Colo. Sept. 19, 1983) (Weinshienk, J.); *appeal docketed,* No. 83–2417 (10th Cir. Nov. 4, 1983); *Walter O. Boswell Memorial Hospital v. Heckler,* 573 F.Supp. 884 (D.D.C.1983); *appeal docketed,* No. 83–2223 (D.C.Cir. Dec. 2, 1983), (argued June 4, 1984).

No United States Circuit Court of Appeals has yet ruled on the matter, to this Court's knowledge; although several appeals are pending.

This Court agrees with the majority of other Courts which have addressed this problem and which have held that the malpractice rule is invalid. This Court therefore now holds the subject regulation to be invalid. Rather than re-state a subject matter which has been thoroughly memorialized by other District Courts, the Court specifically adopts the reasoning and the holding of the opinion of Senior United States District Judge Hubert L. Will in *St. James Hospital v. Heckler,* 579 F.Supp. 757 (N.D.Ill.1984), and the opinions of sister Courts not inconsistent therewith, particularly *Abington Memorial Hospital v. Heckler, supra.*

*Conclusion*

■■■ Thereupon in accordance with *St. James Hospital, supra,* this Court hereby *holds* with regard to the procedural grounds as follows:

A. The Court agrees with the reasoning and holding in *St. James Hospital, supra,* and the other Courts so holding that the notice was sufficient to fairly apprise the interested parties; and

B. That the Agency failed to meet the standard proscribed by statute and articulated by the courts requiring an adequate basis and purpose statement with the malpractice regulation and likewise failed to respond adequately to the uniformly negative public comments on the proposed regulation. The Agency failed to meet the standard provided by statute and articulated by the courts. It failed to comply with § 553(c) of APA.

Upon the reasoning in and again based upon *St. James Hospital, supra,* and the other authorities cited with regard to the substantive contentions made by plaintiffs and not inconsistent therewith, this Court holds that:

A. 42 C.F.R. 405.452(b)(1)(ii) is violative of APA 5 U.S.C. § 706(2)(a) because the Agency action is arbitrary, capricious, an abuse of discretion and not in accordance with law; and

B. That the subject regulation as promulgated violates the Medicare statute and that it is neither rational, non-arbitrary nor does it further the purpose of the Medicare statute.

This ruling does not preclude the Secretary from considering and adopting changes to the pre-July 1, 1979 procedure and practice, if made in accordance with law, both procedurally and thereafter substantively comporting with the authority conferred under the Medicare statute. Thereupon, this matter is REMANDED to the Secretary for further consideration in accordance with this Opinion. Further, the defendants' motion to strike affidavits is GRANTED.